I concur fully with Part II of the main opinion, "Third-Party Beneficiary." I respectfully concur in the result as to Part I, "Equitable Estoppel," because the limitation of the scope of the arbitration agreement to the resolution of disputes between Ingram and the Bank, a point made the basis for affirming under Part II the order denying arbitration, also stands as a separate and sufficient basis for affirming the denial of arbitration on the theory of equitable estoppel. See ECS, Inc. v. Goff Group,Inc., 880 So.2d 1140, 1146 (Ala. 2003) ("At a minimum, estoppel requires that the `description of the parties subject to the arbitration agreement not be so restrictive as to preclude arbitration by the party seeking it.'") (quoting Ex parteStamey, 776 So.2d 85, 89 (Ala. 2000)). See also Jim BurkeAuto., Inc. v. McGrue, 826 So.2d 122 (Ala. 2002), rejecting the nonsignatory defendants' equitable-estoppel argument *Page 339 
where the language of the arbitration agreement limited arbitration to the signing parties.